**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| RAYMOND K. LEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N15C-11-224 ASB |
| BORGWARNER MORSE TEC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Decided: November 8, 2017
**<u>ORDER</u>**

*Upon Defendant Pneumo Abex LLC's*
*Motion for Summary Judgment.* **DENIED.**

Plaintiff, Raymond Leathers ("Plaintiff"), claims that he was exposed to asbestos from Defendant Pneumo Abex's ("Abex") products. Plaintiff worked as an automotive mechanic from 1963 through the late 1960s. He performed a minimum of four brake jobs per week, and he testified that he used Abex brake parts. Plaintiff testified that in 1963 he worked as an automotive mechanic at Oak Lawn in Cranston, Rhode Island until 1965. At this job he performed both brake and clutch work. He stated that he did about four brake jobs per week. From 1965 through 1967 he served a two-year enlistment in the army. He returned to Rhode Island in 1967 and worked part time at Oak Lawn performing both brake and clutch jobs. Plaintiff

stopped working at Oak Lawn at some point in the 1960s and began working in construction. Plaintiff testified that he worked with Bendix, Grizzly, and Abex products while at Oak Lawn. Plaintiff contends that the process of removing and installing Abex's asbestos products caused him to develop mesothelioma. Plaintiff provided evidence demonstrating that Abex manufactured asbestos-containing automotive friction products from 1927 through 1987. Additionally, prior to the 1980s, "the vast majority of brake linings that Abex sold for passenger car, light and heavy truck were asbestos-containing."

Abex contends that throughout its manufacturing history, some, but not all, of its friction products contained asbestos. Abex also contends that it did not manufacture fully assembled brake shoes which could be installed directly onto vehicles, and Plaintiff testified that all the replacement brakes he used during his career were fully assembled brakes. Additionally, Abex argues that Plaintiff's only identification of their product was through "an impermissible leading question," as Plaintiff did not identify Abex as a product he recalled using initially. Finally, Abex argues that even assuming Plaintiff worked with an asbestos containing product manufactured by Abex, Plaintiff is unable to prove causation under Rhode Island substantive law.

There seems to be some contention between the parties about the causation standard in the state of Rhode Island. In *Sweredoski* the Rhode Island Superior Court

discussed the different standards of causation. The *Sweredoski* court determined that the "frequency, regularity, proximity test is the proper standard of proving causation in asbestos cases" in Rhode Island.[1] The Court noted that "this test comports with [their] Supreme Court's general causation jurisprudence and fairly balances the interests of plaintiffs and defendants."[2] The *Sweredoski* decision is a 2013 decision that does not seem to have any negative treatment by other Rhode Island courts. The Rhode Island Supreme Court has not established a set standard for causation in the state, and the well analyzed decision in *Sweredoski* lays out exactly why the Superior Court of Rhode Island applied the frequency, regularity, and proximity test. Based on these reasons this Court will apply the test proffered in *Sweredoski*. As part of this test, the court noted that "[i]n the asbestos context, plaintiffs must present both product identification and exposure evidence to satisfy the causation element,"[3] and the court decided to "apply the 'frequency, regularity, proximity test' as the proper causation standard for asbestos cases."[4] "To satisfy the 'frequency, regularity, proximity' test, plaintiffs must present evidence showing '(1) exposure to a particular product; (2) on a regular basis; (3) over an extended period of time; and

---

[1] *Sweredoski v. Alfa Laval, Inc.*, 2013 WL 3010419, at *8 (R.I. Super. June 13, 2013).
[2] *Id.*
[3] *Id.* at *2.
[4] *Id.* at *5.

3

(4) in proximity to where the plaintiff actually worked."[5] Additionally, "mere proof that the plaintiff and a certain asbestos product are at the same location at the same time, without more, does not prove exposure to that product."[6] The "plaintiff must prove more than a casual or minimum connection with the product."[7]

Abex argues that Plaintiff only identifies Abex as a product "through an impermissible leading question." Looking at the video and discovery depositions, it does not seem that the product identification was elicited through a leading question. The line of questioning is as follows:

> Q: And do you remember me submitting these questions to you and you providing answers and signing that, the back page of that, as your answers being true?
> A: Yes, I do.
> Q: Do you see – I'll direct your attention to Exhibit C of that document. Do you have that in front of you? That's the page I put-
> A: Right here?
> Q: Yes.
> A: Yes.
> Q: You have that in front of you. Is that information you supplied to my office about the products you used?
> A: Yes, it is.
> Q: And does that have a list of any products that you used in the automotive field?
> A: Yes, it does.
> Q: And in looking at that list, does that refresh your recollection as to any of those other brands of brakes you may have used?
> A: Yes.
> Q: And what are-

---

[5] *Id.*
[6] *Id.* (citing *Lohrmann,* 782 F.2d at 1162).
[7] *Id.*

DEFENSE COUNSEL OBJECTION
Q: What are those other brands?
DEFENSE COUNSEL OBJECTION
A: Grizzly and Abex.[8]

Next, Abex argues that Plaintiff's testimony was contradictory during questioning by Abex's counsel. Whether the testimony is contradictory is an issue of fact to be decided by the factfinder. Plaintiff submitted evidence that Abex manufactured asbestos-containing brake products, like brake shoes and linings, from 1927 through 1987. Plaintiff testified that he did four brake jobs per week, and worked as a mechanic from 1963-1965, and then again in 1967. Under the Rhode Island standard, the Court finds that Plaintiff's claims can survive summary judgment as there are still factual determinations which are more appropriately determined at trial. Therefore, Defendant Abex's Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[8] Plaintiff's Videotaped Deposition, February 17, 2016, at 26:9-27:7.